**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

J'HAUN HOLT, individually and                                                                PLAINTIFF
on behalf of all others similarly situated

v.                                                  No. 4:22-cv-1217-JM

MURRY'S DINNER PLAYHOUSE, INC.                                                 DEFENDANT

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND PARTIAL DISMISSAL

Plaintiff J'Haun Holt (Holt) and Defendant Murry's Dinner Playhouse, Inc. (Murry's), by and through their undersigned counsel, jointly submit the following Joint Motion for Approval of Settlement and Partial Dismissal:

1. On December 8, 2022, Plaintiff initiated this action, on behalf of herself and others similarly situated, *see* ECF No. 1, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq. *See* ECF No. 1. More specifically, Plaintiff alleged that Defendant failed to pay Plaintiff and other similarly situated employees minimum wage by taking tip credits for untipped work. *Id.*

2. Plaintiff did not move to certify any collective action in this matter.

3. Defendant disputes that Plaintiff or other similarly situated employees were not properly compensated for all hours worked, thereby creating a bona fide dispute as to wages owed. Defendant specifically disputes Plaintiff's claim that it took tip credits in violation of the FLSA and AMWA.

4. The parties engaged in discovery regarding Plaintiff's claims and the time records, compensation, and issues related to the underlying merits of the claims against Defendant as well as defenses.

1

5. Following extensive negotiations between counsel, the parties have entered into a Settlement Agreement and Release (Settlement Agreement) resolving the litigation in full and now request dismissal of the above-captioned action with prejudice. A copy of the Settlement Agreement is attached to this Motion as **Exhibit A**.

6. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are generally subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id*. While the Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id*. (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

7. Here, the proposed settlement between the parties represents a fair and equitable compromise of a bona fide wage and hour dispute. The settlement follows litigation, including the disclosure of pay records, job duties, and other relevant records

by experienced counsel representing the parties. The parties engaged in settlement negotiations through opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

8. The parties have determined that it is in their mutual interest to resolve the litigation without a trial and in the manner set forth in the Settlement Agreement. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of her claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and costs of further litigation.

9. The FLSA provides for an award of reasonable attorney fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney[] fee to be paid by the defendant, and costs of the action."). The parties are negotiating attorney fees and costs separate from the settlement of Plaintiff's claims. If the parties are unable to reach an agreement as to attorney fees and costs, Plaintiff's counsel will submit a petition for fees and costs directly to the Court within 14 days of an entry approving the Settlement Agreement, to which Defendants will respond within 7 days with any objections. The parties agree that the Court's Order setting a reasonable amount for attorney fees and costs will be paid by Defendant as a part of the settlement of Plaintiffs' claims in this lawsuit.

10. Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of Plaintiff's claims for back wages and all other relief—other than for Plaintiff's claims for reasonable attorney fees and costs—sought in this action. The parties request that following the Court's approval of the Settlement Agreement, the Court partially dismiss the above-styled action with prejudice but retain jurisdiction for the enforcement of the Agreement and the resolution of attorney fees as stated herein.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order dismissing with prejudice Plaintiff's claims for back wages and all other relief in this lawsuit—other than her claim for a reasonable attorney fee and costs—and approving the Settlement Agreement, and for all other relief to which they are entitled.

Respectfully Submitted,

Chris Burks (Ark Bar No. 2010207)
Stewart Whaley (Ark. Bar No. 2009084)
WH Law
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
chris@wh.law
stewart@wh.law
**ATTORNEYS FOR PLAINTIFF**

*and*

Brett W. Taylor (Ark. Bar No. 2014175)
Ross E. Simpson (Ark. Bar No. 2016241)
Rose Law Firm,
   a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201-2893
btaylor@roselawfirm.com
rsimpson@roselawfirm.com
**ATTORNEYS FOR DEFENDANT**